Schwartz *v.* Schwartz, Appellant.

Argued September 16, 1960.  Before RHODES, P. J., GUNTHER, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (WRIGHT, J., absent).

*Irwin Paul,* for appellant.

*John D. Lucey, Jr.,* with him *James M. Marsh,* and *LaBrum and Doak,* for appellee.

OPINION BY ERVIN, November 16, 1960:

This is an appeal from a final decree in divorce entered by the court below on March 3, 1960.  The appellant (defendant below) filed objections to the final rule in divorce in which he alleged that the parties had become reconciled after the master's hearing in

divorce and remained reconciled until June 1959 "when the parties again separated without fault of the Defendant."

We are of the opinion that the case must be remanded to the court below so that testimony may be taken and a determination made as to whether the defendant has been guilty of any conduct subsequent to the reconciliation which revealed actual mistreatment of the plaintiff or caused a reasonable apprehension thereof. The record reveals that a hearing was held on September 25, 1957 by the master and a divorce a.v.m. was recommended. The motion for final rule was filed on January 15, 1958 but was withdrawn because the parties had resumed cohabitation in January 1958. The parties cohabited from January 1958 to June 1959, when they finally separated. The wife then reinstated the motion for final rule and the husband filed the objections as above stated. On March 13, 1960 the court below dismissed the motion and entered the final decree in divorce.

We repeat what we said in *Greer v. Greer*, 178 Pa. Superior Ct. 643, 648, 115 A. 2d 794: "This constituted a conditional forgiveness or conditional condonation. While condonation of the violation of the marital duties and obligations is conditioned on the future good conduct of the offending spouse, a subsequent offense on his or her part revokes or nullifies the condonation and revives the original offense as a cause for divorce."

Fresh acts of ill-treatment after a reconciliation revive the former offenses even though the fresh acts were not in themselves sufficient to warrant a divorce. It is not necessary that there be actual mistreatment subsequent to the reconciliation. It is sufficient if the evidence reveals a reasonable ground for apprehension that the past ill-treatment will be revived. If

after such a reconciliation there appears any indication that a recurrence of the mistreatment may reasonably be apprehended, the innocent spouse is not required to await the full measure or even the renewal of ill-treatment but may maintain an action for the misconduct which occurred prior to the reconciliation. Freedman, Law of Marriage and Divorce in Pennsylvania, Vol. 2, 2d ed., p. 781.

Decree vacated and the record remanded for proceedings consistent with this opinion.